**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LISA KIRKLAND-CHEA,

     Plaintiff,

v.

SYNCHRONY BANK,

     Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1.     Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA") against Defendant.

**JURISDICTION AND VENUE**

2.     The Court has jurisdiction under 28 U.S.C. §1331. See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (U.S. 2012).

3.     Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4.     Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

5.     Plaintiff, Lisa Kirkland-Chea (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6.      Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) *** - 1739.

7.      Plaintiff was the "called party" and recipient of the Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

8.      Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

9.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

10.      Defendant, Synchrony Bank (hereinafter "Defendant"), is a Utah corporation with its principle place of business located at 950 Forrer Blvd., Kettering, OH 45420.

11.      Defendant is a "creditor" and/or "person" as defined by the FCCPA.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

12.      Defendant attempted to collect a consumer debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect a consumer debt from Plaintiff concerning a credit card account.

13.      As described herein, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day and on back-to-back days, with such frequency as can reasonably be expected to harass, in an effort to collect a consumer debt.

14.      At all times relevant to this action, Plaintiff received between two to eight calls per day to her cellular telephone from Defendant in an effort to collect a consumer debt.

2

15.     Beginning in or about 2014, Defendant placed over four hundred (400) calls to Plaintiff's cellular telephone.

16.     Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

17.     Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008);* see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

18.     In or about 2014, Plaintiff informed the agent/representative of Defendant that they were calling her cellular telephone and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

19.     During the 2014 conversation with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20.     Each and every call subsequent to the 2014 conversation that Defendant made to the Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

21.     Each and every call subsequent to the 2014 conversation that Defendant made to the Plaintiff's cellular telephone number was knowing and willful.

22.     On multiple occasions after the 2014 conversation, Plaintiff asked Defendant to cease calling her cellular telephone.

23.     Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff having revoked any express consent Defendant may have had to call her cellular telephone number.

24.     Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

25.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered an injury of invasion of privacy and intrusion upon her right of seclusion.

26.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered an injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

27.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered an injury of unnecessary expenditure of her time. Specifically, Plaintiff had to waste her time dealing with missed call notifications and call logs that reflect the unwanted calls.

28.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For the calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. For the

unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.

29.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in an injury of unnecessary expenditure of Plaintiff's cellular telephone battery power.

30.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in an injury of trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

31.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

32.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

33.     Defendant's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

34.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

35.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

36.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37.     Plaintiff incorporates Paragraphs 1 through 36 herein.

38.     At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

39.     Defendant engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

40.     Specifically, Defendant called Plaintiff several times a day and on back-to-back days in an effort to collect a consumer debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Statutory Damages;

b) Actual Damages;

c) Punitive Damages;

d) Attorney's fees, litigation expenses and costs of suit; and

e) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41.     Plaintiff incorporates Paragraphs 1 through 36 herein.

42.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

43.     Defendant violated the TCPA with respect to telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

6

44.        Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she did not wish to receive any telephone communication from Defendant, and demanded for the calls to cease.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Chris@theconsumerlawyers.com

8

*Attorney for Plaintiff*